IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MTS SYSTEMS CORPORATION, a Minnesota corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>HYSITRON, INCORPORATED, a Minnesota corporation,<br><br>          Defendant.<br>_____/ | No. C 06-3156 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO MINNESOTA |

Defendant Hysitron, Inc., moves for a transfer of venue to the District of Minnesota. Plaintiff MTS Systems Corporation opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion for a transfer of venue.

BACKGROUND

This patent infringement case arises out of Plaintiff's allegations that Defendant's use, sale or offer to sell nanotensile measuring devices infringes a claim or claims asserted in U.S. Patent No. 6,679,124B2 (the '124 patent), owned by Plaintiff. Complaint ¶¶ 6-7. Both parties are Minnesota corporations with their principal place of business in Eden Prairie, Minnesota. Id. ¶ 5; Eggers Decl. ¶ 2.

The named inventor of the '124 patent, Warren C. Oliver, lives and works for MTS Nano Instruments (MTS Nano), a subsidiary of

Plaintiff, in Oak Ridge, Tennessee. Hay Decl. ¶ 5. All MTS Nano employees are located in Oak Ridge, with the exception of its sales associates. Id. ¶¶ 6, 8. MTS Nano has no personnel in Minnesota. Id. ¶ 8. "Virtually all key documents, materials, equipment relating to the development, testing, research, production, marketing and sales decisions regarding the MTS Nano's nanomeasurement devices are located in Tennessee." Id. Plaintiff anticipates calling as witnesses four MTS Nano officials, including Mr. Oliver, who are based in Oak Ridge, Tennessee, as well as its two Field Account Managers, Neal Gustafson and Bruce Anderson, who are based in Carlsbad, California and Gig Harbor, Washington, respectively. Id. ¶ 11. Plaintiff also anticipates that two third parties may be called as witnesses: Cheryl Hayashi, an Assistant Professor at the University of California, Riverside and George Pharr, Professor and Chair of the Material Science Department at the University of Tennessee in Knoxville. Id. ¶ 12. Plaintiff also asserts that there are three additional third parties who are potential customers and who live in the Northern District of California.

According to Michael Eggers, Director of Finance, Defendant "has 58 employees worldwide, of which 55 are based in Minnesota, including all of the product development and company management personnel." Eggers Decl. ¶ 2. Defendant "designs, develops, and manufactures all of its products at its facility in Eden Prairie, MN." Id. ¶ 3. According to Mr. Eggers, Defendant's products include only one "nanotensile measure device," the nanoTensile 5000. All of the design and development work for the nanoTensile

2

1  5000 has occurred in Eden Prairie. Id. ¶ 5. All personnel
2  involved in the design and development of the nanoTensile 5000, as
3  well as all documents, materials and equipment, including
4  prototypes, are located at Defendant's Eden Prairie facility. Id.
5  ¶ 5. These persons include Dehua Yang, inventor of the nanoTensile
6  5000, Fred Tsuchiya, Project Manager for the nanoTensile 5000's
7  development, and five other Hysitron employees who have been
8  involved in its development. Id. ¶¶ 13-19.

9  Defendant has "one employee in California, a sales
10 representative who covers the West Coast of the United States,
11 working from his home." Eggers Decl. ¶ 9. Bill Coney, the sales
12 representative, has not been involved in the development of the
13 nanoTensile 5000. Id. He resides "just outside of Sacramento."
14 Beckwith Decl., Ex. A, Burkstrand Dep. 10:6-7. However,
15 Plaintiff's evidence shows that Mr. Coney has been involved in the
16 promotion of the nanoTensile 5000 in the Northern District of
17 California.

18 Defendant maintained a booth at the "Material Research
19 Society" industry conference and trade show in San Francisco,
20 California, in April, 2006. Eggers Decl. ¶ 5. Prior to the
21 conference, Defendant had sent an email to its customer base
22 stating that the nanoTensile 500 "would soon be available." Id.
23 ¶ 11. Defendant provided "a few" conference attendees with
24 application notes and a preliminary product brochure for the
25 nanoTensile 5000. Id. ¶ 12. Defendant also engaged in additional
26 promotional and marketing activities described in detail in the
27 evidence filed under seal by Plaintiff.

28

3

LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute, therefore, identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has held that a fourth factor for the court to consider is the plaintiff's choice of forum. See Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). The Securities Investor court held that, unless the balance of the § 1404(a) factors "is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." Id.; see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("defendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). The burden is on the defendant to show that the convenience of parties and witnesses and the interest of justice require transfer to another district. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

A case may be transferred for convenience only to a venue in which it could have originally been brought. In civil cases where jurisdiction is based on a federal question, venue is proper in:

    (1) a judicial district where any defendant resides, if all defendants reside in the same State,
    (2) a judicial district in which a substantial part of the

```
          events or omissions giving rise to the claim occurred, or a
          substantial part of the property that is the subject of the
          action is situated, or
          (3) a judicial district in which any defendant may be found,
          if there is no district in which the action may otherwise be
          brought.

     28 U.S.C. § 1391(b).
```

                                    DISCUSSION

I.   Convenience of the Parties

The large majority of Defendant's relevant personnel and documents are located in Minnesota, while the large majority of Plaintiff's relevant personnel and documents are located in Tennessee. Although each party has sales personnel on the West Coast, none lives in the Northern District of California, and thus their sales personnel would have to travel at least somewhat to testify regardless of where this case is tried. Transferring the action to Minnesota would not, as Plaintiff suggests, merely shift the convenience from Plaintiff to Defendant, because Minnesota is no less convenient for Plaintiff's Tennessee-based MTS Nano division than Northern California. Indeed, MTS Nano's parent corporation is located in Minnesota. Therefore, the Court finds that the factor of convenience of the parties weighs strongly in favor of transferring this case to Minnesota.

II.  Convenience of the Witnesses

Of the non-party witnesses identified by Plaintiff, one lives in Southern California, one lives in Tennessee, and three potential customers live in the Northern District of California. Given the stage at which Plaintiff filed this lawsuit, however, these potential customers are unlikely to have particularly important or

5

1 relevant testimony.  The Court finds that this factor weighs
2 slightly in favor of keeping the case in the Northern District of
3 California.
4 III.  Interests of Justice
5     Neither party makes any showing that the interests of justice
6 will be affected by a transfer of venue to Minnesota, and therefore
7 the Court finds that this is not a relevant factor.
8 IV.  Plaintiff's Choice of Forum
9     There are exceptions to the general rule that a plaintiff's
10 choice of forum "should rarely be disturbed."  See Securities
11 Investor, 764 F.2d at 1317.  "Ordinarily, where the forum lacks any
12 significant contact with the activities alleged in the complaint,
13 plaintiff's choice of forum is given considerably less weight."
14 IBM Credit Corp. v. Definitive Computer Services, Inc., 1996 WL
15 101172, *2 (N.D. Cal. 1996).  Here, the allegedly infringing
16 product was developed and tested in Minnesota.  Plaintiff itself
17 does not reside in California.  Plaintiff's assertion that a "large
18 part of the infringing activity took place in California"
19 overstates the evidence on which it relies.  In fact, Plaintiff has
20 shown little conclusive evidence that Defendant, in Northern
21 California, made offers to sell that would have caused potential
22 customers to understand that acceptance would conclude a sale.
23 Rotec Indus., Inc. v. Mitsubishi Corp., 215 F.3d 1246, 1257 (Fed.
24 Cir. 2000) (quoting Restatement (Second) of Contracts § 24 (1979)).
25 Therefore, the Court gives Plaintiff's choice of forum less weight
26 than it would otherwise.  See Williams v. Bowman, 157 F. Supp. 2d
27 1103, 1106 (N.D. Cal. 2001) (noting that the degree of deference
28

6

1  according to the plaintiff's choice of forum is substantially
2  reduced where the plaintiff does not reside in the venue or where
3  the forum lacks a significant connection to the activities alleged
4  in the complaint) (quoting Fabus Corp. v. Asiana Exp. Corp., 2001
5  WL 253185, *1 (N.D. Cal. March 5, 2001)).

6     On balance, the Court finds that the factors in this case
7  weigh in favor of transfer of venue.  There is no dispute that the
8  District of Minnesota is an appropriate venue for this action,
9  because that is the district where both parties are located.
10 Therefore, the Court grants Defendant's motion to transfer venue to
11 Minnesota.

## CONCLUSION

13     For the foregoing reasons, the Court GRANTS Defendant's motion
14 to transfer the case to the District of Minnesota (Docket No. 23).
15 Venue of this case in its entirety is TRANSFERRED to the District
16 of Minnesota pursuant to 28 U.S.C. § 1404(a).  The Clerk shall
17 transfer the file.
18     IT IS SO ORDERED.

20 Dated: 9/1/06

                                        CLAUDIA WILKEN
                                        United States District Judge

7